

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-31-2006

# Ygana v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2757

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Ygana v. Atty Gen USA" (2006). *2006 Decisions.* Paper 1699.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1699

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-2757

EFREN YGANA,

Petitioner

v.

\*ALBERTO R. GONZALES, Attorney General Of the United States

Respondent

\*Submitted pursuant to Rule 43c, F.R.A.P.

On Petition for Review of an Order of
The Board of Immigration Appeals
(No. A29-053-224)

Submitted Under Third Circuit LAR 34.1(a)
January 12, 2006

Before: BARRY, AMBRO and ALDISERT, Circuit Judges

(Filed: January 31, 2006)

OPINION

AMBRO, Circuit Judge

Efren Ygana petitions us to review the decision of the Board of Immigration

Appeals ("BIA") affirming the decision of the Immigration Judge ("IJ") denying Ygana's motion for reconsideration of the IJ's order of removal. For the reasons below, we deny Ygana's petition for review.

I.

As we write solely for the parties, only a brief summary of the pertinent facts is necessary. Ygana is a native and citizen of the Philippines who entered the United States as a non-immigrant visitor for business in April 1988, and was authorized to stay only until May 18, 1988. Ygana stayed beyond this date without permission to do so, without filing any asylum, or other preclusion of removal, petition.[1] As a result, on March 7, 2002, Ygana was served with a notice to appear, alleging he was subject to removal, pursuant to 8 U.S.C. § 1227(a)(1)(B), for remaining in the United States for longer than his visa permitted. Ygana conceded removability, and reapplied for an adjustment of status to that of a lawful permanent resident on the basis of an approved labor certification. Ygana also sought voluntary departure as an alternative to removal.

At the removal hearing, the IJ denied Ygana's reapplication for adjustment of status and declined to grant voluntary departure. Ygana did not appeal the IJ's decision to the BIA. Instead, he filed a motion for reconsideration before the IJ. When the IJ rejected Ygana's motion, he appealed to the BIA, and it affirmed the denial of the motion

---

[1] In 1999, Ygana applied for an adjustment of status to that of a lawful permanent resident, but he withdrew his application in January 2002.

for reconsideration without a separate opinion.  Ygana filed a timely petition for review from this affirmance.

## II.

The Government asserts we do not have jurisdiction to review the order of removal by the IJ.  This assertion we review *de novo*.  *Nugent v. Ashcroft*, 367 F.3d 162, 165 (3d Cir. 2004).  The context is that the Government claims that Ygana waived his appeal of the order of removal, as he failed to appeal that decision to the BIA within 30 days as required by 8 C.F.R. § 1003.38(b).  It also contends that he failed to comply with the administrative exhaustion requirements of 8 U.S.C. § 1252(d)(1), which provides that "[a] court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right."

We agree.  It is uncontested that Ygana did not appeal the IJ's order of removal to the BIA and appealed only the denial of the motion to reconsider.  The Supreme Court has held that the filing of a motion to reconsider a final order does not toll the period for seeking judicial review of the underlying order.  *Stone v. INS*, 514 U.S. 386, 395 (1995); *see also Nocon v. INS*, 789 F.2d 1028, 1033 (3d Cir. 1986).  Accordingly, in the absence of a timely petition for review of the IJ's order, we lack jurisdiction to consider the merits of Ygana's application for adjustment of status and request for voluntary departure.

## III.

As to what is before us (the denial of the motion to reconsider), the Government

3

contends that Ygana waived any claim regarding that motion by failing to argue it in his brief to our Court, instead limiting his argument to a challenge to the IJ's order of removal.[2]

We agree here as well. "It is well settled that an appellant's failure to identify or argue an issue in his opening brief constitutes waiver of that issue on appeal." *United States v. Pelullo*, 399 F.3d 197, 222 (3d Cir. 2005); *see also Lie v. Ashcroft*, 396 F.3d 530, 532 n.1 (3d Cir. 2005) (holding alien's claim waived when she did not raise any argument, except by mentioning the applicable statute in her concluding paragraph, or rebut in her reply brief the Government's argument that she had waived the issue). Ygana does not mention the motion to reconsider in his opening brief. Likewise, in his reply brief Ygana does not argue that the BIA (or the IJ) abused its discretion in denying reconsideration; he claims only that petitioning from the removal order and petitioning from the denial of the motion to reconsider are "substantively the same," and the "procedural difference between the two . . . does not impact the valid substantive argument brought before this Court."

This is incorrect. A petition for review from a decision on the merits is not interchangeable with petitioning from the BIA's denial of a subsequent motion to

___

[2]The Government additionally asserts that, under *I.C.C. v. Bhd. of Locomotive Eng'rs*, 482 U.S. 270, 279 (1987), when an administrative agency denies a motion urging reconsideration based on a claim of error in its prior decision, and the agency did nothing more than summarily deny reconsideration, the decision is not subject to review. Because Ygana waived his challenge to the denial of reconsideration, we do not reach this issue.

4

reconsider. Rather, they are distinct petitions that must be reviewed separately. *See Stone*, 514 U.S. at 405-06; *Nocon*, 789 F.2d at 1033. By not addressing the denial of his motion to reconsider, and instead challenging the merits of the IJ's removal order, Ygana has waived his opportunity to have us consider his challenge to the denial of reconsideration. Our Court observed in *Kost v. Kozakiewicz*, 1 F.3d 176, 182 (3d Cir. 1993), that the federal appellate rules and our local rules require petitioners to set out the issues raised on appeal and to present arguments in support of them in their brief. We stated that "[i]t is well settled that if an appellant fails to comply with those requirements on a particular issue, the appellant normally has abandoned and waived that issue on appeal and it need not be addressed by the court of appeals." *Id.* Here, Ygana has not complied with these requirements. For that reason, we will deny the petition for review.

## IV.

Ygana waived his claims regarding the IJ's order of removal by failing to appeal it to the BIA and we therefore have no jurisdiction to review the IJ's order (including the alternative request for voluntary departure). Put simply, this matter is not before us.

Ygana also waived any challenge to the denial of his motion for reconsideration — the only matter before us— by failing to raise any such challenge in his petition for review. We accordingly deny his petition for review.